George Gilligan et al., complainants-respondents,

*v.*

Moving Picture Machine Operators of Essex County, New Jersey, Local 244, &c., et al., defendants-appellants.

[Argued May 18th, 1944. Decided September 14th, 1944.]

*Mr. Warren Dixon, Jr.,* for the complainants-respondents.

*Messrs. Gross & Blumberg (Mr. Leo Blumberg,* of counsel), for the defendants-appellants.

The opinion of the court was delivered by

PORTER, J.

The complainants are six members of the defendant Local Union 244 (hereinafter called local). They bring the suit for their own benefit and for the benefit of other members of the local. They allege in their bill of complaint that the local is unincorporated and is a local of and affiliated with International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada; that the purposes of the local are in general to promote the improvement of social and economic conditions of workers in the theatrical and moving picture industry in Essex County. They charge the business agent, Louis Kaufman, the other officers and the executive committee with having violated in various respects the terms of a decree of the Court of Chancery, entered in the consolidated cases of *Maglio* v. *Moving Picture Machine Operators of Essex County Local 244, &c.,* and *Collins* v. *International Alliance of Theatrical Stage Employees, &c., 119 N. J. Eq. 230.* They also charge Kaufman, Oppenheimer and the other officers with dominating the affairs of the local and its members by means of threats, duress and coercion against their will and against their interests and for the personal benefit of said defendants. They also charge the said Kaufman and his associates with having unlawfully taken control of the contracts of. employment between the members of the local and their employers and of having discriminated in the placing of members of the local in places of employment and in the payment of wages. The bill prays for the restraining of these acts by the defendants, for the accounting of funds of the local by the defendants which have been wrongfully used or appropriated, and for the appointment of a receiver for the local.

The case was referred to Vice-Chancellor Bigelow, who heard voluminous testimony. He filed an opinion which is

unreported. In it he stated his conclusions to the effect that the allegations of the complainants generally had been established by the proofs. He set forth in detail the testimony on which he based his conclusions. A brief summary is that the local has a substantial monopoly of the employment of motion picture machine operators in Essex County; that unlike most labor unions, this local has not and does not try to establish a uniform scale of wages and hours in the industry but rather makes the best bargain it can respecting wages with each theatre owner, with the result that there is a wide range in the wages paid and the working conditions in the various theatres; that in placing members in jobs consideration is seldom given to seniority of membership by Kaufman, but that he discriminates and places the members to suit his own personal purposes; that Kaufman uses coercive measures in compelling theatre owners to fix the rate of wages; that Kaufman dominates the actions of his fellow officers of the local and that his word is law to most of the members; that Kaufman has personally profited financially by reason of his actions and of his dominance in the affairs of the local. The decree under appeal directed Local 244 to collect from Kaufman and Oppenheimer the taxed costs in *Maglio* v. *Motion Picture Machine Operators* and *Collins* v. *International, supra,* which costs had been paid by the appellant local. It restrained the local from paying Kaufman and Oppenheimer any moneys claimed to be due them until such time as Kaufman and Oppenheimer had repaid the taxed costs above mentioned. It directed that regular reports be made to the court of the progress in collecting these taxed costs. The decree then denied the prayer of the bill that the individual defendants be compelled to account for the funds of the local and denied the prayer that they make restitution for moneys illegally disbursed, and restrained the individual defendants from entering into contracts with employing theatre owners except in accordance with the constitution of the International Alliance, which contracts were to be in writing and approved by the local. It also directed the individual defendants to reduce to writing any oral contracts between the local and employing theatre owners. The decree then restrained the defendants

from demanding or receiving any consideration from any member of the local or applicant for membership excepting the regular dues for membership therein. The application for appointment of a receiver was denied with leave to renew the application unless the local amended its constitution or by-laws by establishing a rule or system of seniority. It then directed that a list of members be posted in the business office of the local, setting forth the term of membership, place of employment and rate of wage of each member of the local, and it finally directed that the local pay the costs of the suit under appeal, together with a counsel fee of $7,000 and $600 stenographic fees.

The only appeal is by the local and is from that part of the decree which provided that a receiver will not now be appointed but that the application for the appointment may be renewed if the local shall not amend its constitution or by-laws by the establishment of a rule or system of seniority of the assignment to work of members; from the provision requiring the posting of a list of the members; and from the provision that it pay a counsel fee of $7,000 and a stenographic fee of $600.

The Court of Chancery found that the individual rights of the members of this local were infringed and the purposes of the organization frustrated by the wrongful acts of Kaufman and Oppenheimer in their control and domination of the local and the inequitable and unjust discrimination in the assignment of members to jobs. Equity has ample power to remedy such a condition. The method used, it seems to us, was entirely justified and equitable. In *Archer* v. *American Water Works Co., 50. N. J. Eq. 33,* Chancellor McGill said (at *p. 52*), "I think it is plainly my duty to interfere by injunction, to prevent the perpetration of the wrong here threatened. If the present directors of the company, and they are all parties to this suit, continue their dissensions, so that the affairs of the company are not speedily attended to, upon a proper application I will care for the property, pending determination of the suit, through the instrumentality of a receiver. Such action will be supported by precedents and authority." So here the court took the same course. In

effect it said wrongs are perpetrated which require equitable interference; a receiver will be appointed to take possession of the organization unless the conditions pointed out are not speedily attended to by new rules of conduct recognizing seniority rights in the assignment of work. Also, see, *Simmons* v. *Paterson, 60 N. J. Eq. 385; Harrisonville* v. *Dickey, &c., Co., 289 U. S. 334; 77 L. Ed. 1208; Levy* v. *Kress Co., 285 Fed. Rep. 836; 296 Fed. Rep. 697.* In *Central Kentucky, &c., Co.* v. *Railway Commission, 290 U. S. 264; 78 L. Ed. 307,* Mr. Justice Stone said (at *p. 271*), "The power of a court of equity, in the exercise of a sound discretion, to grant, upon equitable conditions, the extraordinary relief to which a plaintiff would otherwise be entitled, without condition, is undoubted * * *. It may withhold from a plaintiff the complete relief to which he would otherwise be entitled if the defendant is willing to give in its stead such substituted relief as, under the special circumstances of the case, satisfies the requirements of equity and good conscience." Of course, the Court of Chancery is without power to prevent dissension among corporate boards of directors or officers and members of a voluntary organization; nor may it compel the local to adopt a new constitution in accordance with its views as to what would be wise. Its suggestion as to a new constitution and what it should provide is not mandatory nor an interference with its internal affairs. It simply suggests a remedy for the evil conditions sought to be corrected. It cannot force its adoption on the local but may, as here, withhold the exercise of its power to appoint a receiver until the local does remove the conditions complained of by voluntarily taking the action suggested by the court or such other action as will be equally efficacious. It is argued by appellant that the proposed new constitution or by-laws suggested by the court in the decree will be retroactive in effect and will result in the transfer, because of seniority rights, of members of the local from positions from one employer to another with varying terms of employment, thus constituting unlawful impairments of the obligations of existing contracts. However that may be, we express no opinion upon such contention for the reason that no such constitution or by-law has been adopted

and therefore no such question is before us. Appellant is not aggrieved by the decree suggesting a new constitution. None has been adopted. *R. S. 2:29–117* restricts appeals to those "aggrieved by any order or decree." The matter complained of is not an adjudication adverse to the rights of appellants. It does not direct that a receiver shall be appointed if certain conditions are not met. It simply indicates judicial disapproval of the existing system and conditions and suggests an opportunity for correction with the right of renewal of the application for receivership if no remedial measures are taken or, if taken, are insufficient.

We do not think that the decree requiring the posting of the names of the members with the date of their admission and the place of their employment and the wage scale under which they work is beyond the power of the court because of its being an interference in the internal affairs of the defendant local. The information such a list will contain is that which every member is entitled to have and it seems to us is analogous to the right to an inspection of books of accounts by a member of a corporation or of a voluntary association or organization.

With regard to the allowance of a counsel fee to complainants of $7,000 and of stenographic fees of $600 to be paid by the local, we conclude that such allowances were within the sound discretion of the Court of Chancery and that they were entirely proper and reasonable under the proofs in the case within *R. S. 2:29–131* and *2:29–132*.

The appeal will be dismissed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, DILL, JJ. 14.

*For reversal*—None.